**Fred G. FLOYD, Sr., Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 711.**

United States District Court, E. D. North Carolina, Washington Division.

June 18, 1971.

---

John A. Wilkinson, Washington, N. C., for plaintiff.

Warren H. Coolidge, U. S. Atty., by John R. Whitty, Asst. U. S. Atty., Chief, Civil Section, Raleigh, N. C., for defendant.

## MEMORANDUM OPINION and ORDER

LARKINS, District Judge:

Now comes this cause before the court on Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed in a civil action wherein Plaintiff seeks to obtain review of a "final decision" of the Secretary of Health, Education and Welfare on a claim for child's insurance benefits filed on behalf of plaintiffs adopted grandchildren, Fred G. Floyd, III and John H. Floyd.

On January 30, 1967, Plaintiff filed his application for retirement insurance benefits (Tr. 97–100) and on March 8, 1967, was notified that it had been de-termined that he was entitled to retirement insurance benefits in the amount of $135.90 per month (Tr. 101). On December 11, 1968, Plaintiff filed application for child's insurance benefits on behalf of Fred G. Floyd, III and John H. Floyd, (Tr. 102–105) his grandchildren whom he adopted on December 6, 1968 (Tr. 102). The Social Security Administration initially determined (Tr. 106) that child's benefits could not be paid for these children because they did not meet the requirement that "child[ren], legally adopted by the wage earner becomes entitled to social security benefits [and who were receiving at least one-half support from the wage earner for the year before the wage earner filed for benefits and the child[ren] were] living with the wage earner in that month". On February 5, 1969, Plaintiff requested reconsideration of this determination (Tr. 107), contending that he had contributed more than one-half support of these children even prior to the date of his application for retirement insurance benefits, and on August 4, 1969, the Administration issued a reconsidered determination, finding that the original determination was correct (Tr. 108–111). Plaintiff then made timely request for a hearing before a hearing examiner (Tr. 18–19), and Plaintiff, his wife, his attorney, and a witness appeared for such hearing on November 18, 1969 (Tr. 20–96). The hearing examiner considered the case *de novo* and on December 31, 1969, rendered his decision (Tr. 7–13) finding that proceedings for adoption of said children had not been filed by Plaintiff in or before the month in which he filed his application for old-age (retirement) insurance benefits and that said children were not living with Plaintiff in the month in which his application was deemed to have been filed. Based upon these findings, the hearing examiner determined that Plaintiff was not entitled to child's insurance benefits on behalf of these adopted children (Tr. 13). On April 21, 1970, the Appeals Council determined that the decision of the hearing examin-

er was correct, thereby rendering the hearing examiner's decision the final decision of the Secretary of Health, Education, and Welfare. And on June 19, 1970, Plaintiff filed his Complaint with this court pursuant to 42 U.S.C. 405(g) to obtain a review of that final decision. The Defendant on May 11, 1971 filed his Motion for Summary Judgment which is now before the court. No response having been filed by the Plaintiff to that Motion, the court will now proceed to rule on this matter.

The sole issue to be determined by this court is whether or not there is substantial evidence to support the final decision of the Secretary that Fred G. Floyd, III and John H. Floyd, the grandchildren of Plaintiff herein, were not entitled to child's insurance benefits under 42 U.S.C.A. 402(d) since they were not "children" of Plaintiff within the meaning of 42 U.S.C.A. 416(e), and adoption proceedings had not been instituted by Plaintiff in or before the month in which he filed his application for old-age insurance benefits nor were the children living with Plaintiff during such month as required by 42 U.S.C.A. 402(d) (9) (B) (ii).

In order for these children to be eligible for benefits under 42 U.S.C.A. 402(d) (9) (B) (ii) it is necessary for Plaintiff to show that he had instituted adoption proceedings for these children in or before the month in which he filed his application for old-age insurance benefits or that the adopted children were living with him in that month. It is apparent from the record that Plaintiff had not begun any proceedings for the adoption of either of the children, on

whose behalf child's insurance benefits are being claimed, in or before the month in which he filed his application for old-age benefits. Plaintiff filed his application for old-age benefits on January 30, 1967 and on March 8, 1967, he was notified that it had been determined that he was entitled to benefits effective March, 1967. However, the record reveals that Plaintiff did not institute adoption proceedings until November 7, 1968, and the final adoption decree was dated December 6, 1968.

The alternative provision in subsection (ii) of 42 U.S.C.A. 402(d) (9) (B) states " . . . or such adopted child was living with such individual in such month [the month in which he filed his application for old-age insurance benefits]". If Plaintiff's application is deemed to have been filed in March, which is according to his expressed intention, this would not come within the purview of this clause because the children had left Plaintiff's home at that time in order to live with their mother at Horner's Motel in Plymouth, North Carolina (Tr. 32).

On the other hand, if Plaintiff's application were construed to have been filed in January (the month in which he actually filed his application), the children would not have lived with, or been supported by the Plaintiff for one-half of the year immediately preceding such month as is required by subsection (i) of 42 U.S.C.A. 402(d) (9) (B).

Consideration of the evidence as a whole therefore shows that there is substantial evidence to support the decision of the Secretary and thus Defendant's Motion should be allowed.